IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50386
Summary Calendar
_____

KAMMAN INC.,

                                        Plaintiff-Appellant,

versus

CITY OF HEWITT,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CV-78
- - - - - - - - - -
December 21, 2001
Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Kamman Inc. (Kamman) appeals the district court's summary
judgment in favor of the City of Hewitt (the City) on each of its
takings or inverse condemnation claims, i.e., that there was a
regulatory taking without just compensation, that its substantive
due process rights were violated, and that its equal protection
rights were violated when the City denied its request to rezone a
parcel of land by changing its designation from residential to
commercial.  A grant of summary judgment is appropriate "if the
pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In order to establish a regulatory taking or inverse condemnation, a landowner must show (1) that the application of the zoning ordinance to the particular property does not substantially advance legitimate state interests or (2) that it deprives an owner of all economically viable use of his land. Agins v. City of Tiburon, 447 U.S. 255, 260 (1980); Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 933-34 (Tex. 1998), cert. denied, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999). Kamman does not assert that it has been deprived of all economically viable use of its land, nor does it dispute that traffic is a concern at the intersection where its property is located. Kamman asserts that the district court failed to analyze whether the City substantially advanced solving the traffic problem at the intersection by refusing to rezone the property at issue. This argument is meritless. Controlling traffic growth substantially advances legitimate state interests. See Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 394-95 (1926). Moreover, Kamman's argument is an attempt to challenge the quantity and quality of data underlying the city engineer's advice, as well as the wisdom of the City Council's decision to deny its rezoning request, none of which is appropriate for judicial inquiry. See Berman v. Parker, 348 U.S. 26, 31-33, 35-36 (1954); Reid v. Rolling Fork Public Utility Dist., 854 F.2d 751, 753 (5th Cir.

1988); Shelton v. City of College Station, 780 F.2d 475, 480-81 (5th Cir. 1986)(en banc).

As for Kamman's substantive due process claim, a state's zoning decisions must have a rational basis. Jackson Court Condominiums v. City of New Orleans, 874 F.2d 1070, 1077 (5th Cir. 1989). The key to such an inquiry is whether the question is "at least debatable." Id. Traffic control is a legitimate objective of a zoning regulation or decision. The City was concerned that the increased traffic resulting from a commercial establishment on Kamman's property would increase the potential for accidents at an already dangerous intersection. This was a legitimate concern of the city. The City's denial of Kamman's rezoning request had a rational basis and thus reaches the threshold established for substantive due process. See id. at 1078.

Kamman's equal protection argument echoes his substantive due process claim and adds that it was treated differently from two landowners who have corner lots zoned commercial at the same intersection. When there is no fundamental right or suspect classification involved, the applicable standard of review for both equal protection and substantive due process claims is rational basis. Jackson Court Condominiums, 874 F.2d at 1079; Reid, 854 F.2d at 753. As already noted, the City's concern that increased traffic at the intersection would be unduly hazardous had a rational basis in the city engineer's opinion and therefore was "at least debatable." See Jackson Court Condominiums, 874 F.2d at 1079. Under-inclusivity alone, i.e., failure to make the

other corners of the intersection residential, is not sufficient to state an equal protection claim.  <u>Id</u>.  Kamman's equal protection argument is without merit.

AFFIRMED.